UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SEENA WALKER                                                                                           PLAINTIFF

V.                                                        CASE NO. 5:07-CV-0101 JLH

UNION PACIFIC RAILROAD COMPANY                                                DEFENDANT

### Response to Plaintiff's Memorandum in Opposition to Motion Protective Order

Union Pacific takes the privacy of all of its employees very seriously, especially concerning issues of medical treatment. Moreover, Union Pacific strives to encourage voluntary participation in its Employee Assistance Program (EAP), which offers assistance to employees on sensitive and confidential matters such as drug/ and alcohol abuse or emotional/psychological concerns. The possibility that medical records could be disclosed to a third party would clearly deter such participation. Union Pacific therefore objects to violating the privacy of one of its employees under these circumstances by producing his medical records to a third party.

Plaintiff is requesting this Court to compel Union Pacific to produce a Union Pacific employee's medical records who is not a party to this lawsuit (Larry Hatley). Plaintiff's counsel has already deposed Mr. Hatley regarding his participation in the EAP program. Defendant's counsel has also offered Dr. Mark Jones as a deponent to testify regarding Union Pacific's EAP policies, procedures and Mr. Hatley's participation in EAP to the extent it does not reveal specific confidential information about Mr. Hatley's treatment. Despite this extensive discovery, Plaintiff continues to pursue the private and confidential medical records generated by Mr. Hatley's counselor.

      **A.**    **The requested documents are not relevant.**

Union Pacific investigated Plaintiff's claims of racial and sexual harassment against Mr. Hatley and did not find any merit to her allegation that Mr. Hatley's conduct was based on Plaintiff's race or gender. Union Pacific did believe it was appropriate to refer Mr. Hatley to anger management counseling based on Plaintiff's reports of angry outbursts. This counseling was coordinated through Union Pacific's Employee Assistance Program. Mr. Hatley completed the program and was never given any work restrictions. After her initial complaint in May 2005 and Mr. Hatley's subsequent EAP participation, Plaintiff never made another complaint to Union Pacific that Mr. Hatley was harassing her on account of her race or gender. (Excerpts from Deposition of Seena Walker, pp. 94, 96-97, attached hereto as **Exhibit 1**, hereinafter "Walker Dep.")

Union Pacific did not rely on the results or findings of the counselor in making any determinations about Plaintiff's complaints of racial and sexual harassment. Union Pacific did not find any merit to the allegations of racial or sexual harassment. Union Pacific did find merit in Plaintiff's allegations of Mr. Hatley's angry outbursts, and therefore it referred Mr. Hatley to its Employee Assistance Program out of an abundance of caution. The purpose of the EAP referral was not to correct what Union Pacific believed to be racial or sexual harassment, but to correct what it thought could be anger management issues with one of its managers. The EAP referral and subsequent evaluation and counseling related to Mr. Hatley's emotional and psychological state, not to issues of racial or gender prejudice or harassment. The documents Plaintiff requests are therefore not relevant to her claims.

The case Plaintiff cites involved a job applicant who was denied a position after a medical and psychological screening. The plaintiff in that case was seeking information

regarding other screenings for other employees and applicants. The central issue in that case was what effect the screening played in the decision not to hire the applicant. This case is not analogous and does not stand for the proposition that Mr. Hatley's medical records are relevant in this proceeding.

      **B.**    **The Court should not ignore the confidentiality provision of the ADA.**

Plaintiff's entire argument regarding the confidentiality provisions of the ADA is based on a single Magistrate Judge opinion from a District Court in Kansas. *See Scott v. Leavenworth Unified School District*, 190 F.R.D. 583 (D. Kan. 1999). The Court granted the discovery in that case because doing so furthered the purposes of the ADA. The claim in the case was a failure to accommodate claim brought pursuant to the ADA.

No such justification exists in this case. This is not an ADA case, and there is no other just cause to violate Mr. Hatley's ADA privacy rights. Granting the requested discovery would not further the purposes of the ADA. Mr. Hatley has already offered deposition testimony on the topic, and Union Pacific is willing to offer a representative to talk generally about the EAP and Mr. Hatley's participation. In light of this, there is no justification for Plaintiff to pry further into Mr. Hatley's medical records regarding the actual details of the evaluation and counseling sessions, which have nothing to do with racial or gender discrimination.

Respectfully Submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3493
501-370-1402
WYoung@fec.net

Attorney for Defendant

By: */s/ H. Wayne Young, Jr.*
H. Wayne Young, Jr.
Arkansas Bar No. 2003128

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Edward T. Oglesby**
  edward@oglesbylaw.com,cporter@oglesbylaw.com

- **Richard John Zalasky**
  rzalasky@uselaws.com,agroaning@uselaws.com

*/s/ H. Wayne Young, Jr.*
AR Bar No. 2003128

Attorney for Defendant
FRIDAY ELDREDGE & CLARK, LLP
400 W Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1402
WYoung@fec.net